412 So.2d 889 (1982)
BLAESER DEVELOPMENT CORPORATION, Appellant,
v.
COVE CAY CONDOMINIUMS ASSOCIATION, INC., Appellee.
No. 81-1365.
District Court of Appeal of Florida, Second District.
March 19, 1982.
Rehearing Denied April 20, 1982.
*890 Stephen O. Cole of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellant.
John T. Blakely of Johnson, Blakely, Pope, Bokor & Ruppel, P.A., Clearwater, for appellee.
GRIMES, Acting Chief Judge.
The one point in this appeal which merits discussion pertains to that portion of a judgment determining Blaeser Development Corporation's obligation to increase its contribution to certain common expenses at Cove Cay Condominiums.
Cove Cay Condominiums is located in Clearwater. The original master plan for the Cove Cay tract contemplated the development of four villages containing a total of 1,046 units. Between 1972 and 1974 the original developer constructed 459 units in villages I and II. There was no further construction until December 1978 when Blaeser acquired the former developer's interest. In 1979 and 1980, Blaeser built ninety-eight units in village IV and obtained building permits for forty-nine more.
The main entrance to the entire development is on U.S. Highway 19. Cove Cay Drive runs from the entrance toward the bay for a length of about one mile and connects all of the development. There is a guard at an entrance gate and a roving guard who assists in traffic control on the drive and helps with security. The cost of maintaining Cove Cay Drive with its attendant lawn maintenance and security expenses is referred to as the "Cove Cay Drive expenses," and it is the proration of these expenses which formed the basis of the condominium association's claim.
The declaration of condominium addresses the allocation of the Cove Cay Drive expenses. Article III(B) provides that the share or fraction of Cove Cay Drive expenses which the developer is to pay is determined by the number of units it owns plus the number it plans to build and
shall be subject to increase or decrease by Developer from time to time at its option and accordingly the Developer reserves the right from time to time at its option to increase or decrease the total number of APARTMENT UNITS to be constructed in all VILLAGES OF COVE CAY. At any time the Developer increases or decreases the total number of APARTMENT UNITS to be constructed ... said fraction shall accordingly be changed to reflect the actual number of APARTMENT UNITS determined by Developer to be constructed by Developer. Such determination of the total number of APARTMENT UNITS to be constructed ... shall be effective and binding on all APARTMENT UNIT Owners.
Article III(B) also provides that the developer must notify the association in writing of any change in the total number of units to be constructed and that the notice is effective on the first day of the first month following receipt.
Initially, the condominium documents provided that the developers planned to construct 1,046 units in the four villages, and from the beginning they paid their share of the Cove Cay Drive expenses based upon this figure. However, by written notice dated September 20, 1979, Blaeser advised the condominium association of its intent to adjust the fractional contribution and declared that the total number of units it planned to construct was 557. It then stopped paying for any units not already under construction. The association filed a suit for declaratory judgment seeking to require Blaeser to continue to pay its fractional contribution based upon 1,046 units. On February 29, 1980, Blaeser served a *891 subsequent notice declaring that the total number of units then planned had risen to 606.
At trial the association presented evidence directed toward showing that Blaeser had not changed its plan to build all 1,046 units. Such evidence included the fact that in obtaining financing for the purchase and development of Cove Cay, Blaeser had obligated itself in its purchase money mortgage to build all the remaining units and to pay to the association the pro rata share of the common expenses applicable to those units until they were sold to third parties. The loan agreement required Blaeser to build all the additional units before November 1, 1983, and any attempt by Blaeser to reduce the number of units to be built would constitute a default in the mortgage. Blaeser's 1979 master plan as well as the prospectus and map used by Blaeser in selling units all showed full development of the 1,046 units. Finally, Mr. Blaeser admitted that he hoped to be able to build all 587 units in villages III and IV as originally planned. The court ruled that the developer was obligated to report honestly the total number of units which it planned to build and concluded that the evidence showed that Blaeser planned to build 1,046 units. Therefore, the court recomputed the amount owed by Blaeser for Cove Cay Drive expenses and entered judgment against Blaeser for $55,906.01 plus interest.
Blaeser argues that by virtue of the language of the declaration of condominium, the association had no right to challenge Blaeser's designation of the number of units it planned to build. We cannot accept this interpretation. Obviously, the declaration could have been drawn to give the developer the absolute right to determine what contribution it would make to the Cove Cay Drive expenses. If it had been so written, cautious purchasers might not have been as inclined to purchase units in Cove Cay. However, when the developer's contribution to the Cove Cay Drive expenses was made to depend upon the filing of a statement by the developer of the number of units it planned to build, we believe that the language of the declaration contemplated a good faith statement of intention. To accept Blaeser's position would mean that if it were so inclined it could state that it did not plan to build any more units at a time when it actually had further units under construction. There was ample evidence to support the court's conclusion that Blaeser still intended to build all 1,046 units. Hence, the court's determination of Blaeser's share of the Cove Cay Drive expenses was proper.
AFFIRMED.
OTT and CAMPBELL, JJ., concur.