NESBITT, Judge.
The declarations of condominium, articles of incorporation, and by-laws of the Costa del Sol Condominium Association all provided that the developers would relinquish control over the association to the unit owners no later than January 1, 1980. The declarations of condominium were amendable only upon a two-thirds vote of the condominium unit owners. However, the articles of incorporation and by-laws could be amended by a majority vote of the board of directors of the association. While still under the control of the developers, the board of directors amended the articles of incorporation and the by-laws to extend developer control by adopting the provisions of Section 711.66, Florida Statutes (Supp.1974) (effective October 1, 1974) (renumbered Section 718.301, Florida Statutes (1981)). The unit owners brought a class action seeking enforcement of the January 1, 1980 takeover provisions. The trial court granted them declaratory and injunctive relief to that effect and the defendant developer appealed.
We affirm the judgment below on the dual basis that: (a) the relinquishment-of-control provisions in the declarations of condominium filed for record in June, 1974 take precedence over the amended provision in the by-laws, § 718.112(3)(c), Fla.Stat. (1979); and (b) the acquiring purchasers of the individual units had a right to rely upon the takeover provisions in the recorded declarations of condominium and original articles of incorporation and by-laws which were appended to the developer’s offering prospectus, see Blaeser Development Corporation v. Cove Cay Condominiums Association, 412 So.2d 889 (Fla. 2d DCA 1982), notwithstanding the contrary statutory provisions which came into effect after the filing of the declarations. See Tradewinds of Pompano Association v. Rosenthal, 407 So .2d 976 (Fla. 4th DCA 1982).
Affirmed.